## JOHN O'BRIEN & others *vs.* JOHN JOYCE.

Middlesex. Jan. 12. — March 1, 1875. AMES & ENDICOTT, JJ., absent.

If land is sold for taxes, and the purchaser brings a writ of entry against the person in possession, the latter is not entitled to compensation under the Gen. Sts. *c.* 134, §§ 18, 19, for improvements made by him before the sale.

The owner of land died in 1856, leaving a widow and children. In 1857, A. married the widow, had children by her, and lived with her and all the children on the land until after May 1, 1873. In 1859, and 1861, he built a house on the land at his own expense and rented it, and took to his own use the rents and profits of the whole estate, and exercised entire control over it from his marriage. He thought his wife was the owner of the estate until shortly after her death in May, 1872. On a writ of entry, dated May 1, 1873, brought by the children, as heirs of their deceased father, against A., *held*, that A. was not entitled to compensation under the Gen. Sts. *c.* 134, §§ 18, 19, for improvements made by him.

WRIT OF ENTRY, dated May 1, 1873, to recover a certain tract of land, with the buildings thereon, in Somerville. Plea, *nul disseisin.* Trial in the Superior Court, before *Bacon,* J., without a jury, who allowed a bill of exceptions in substance as follows :

The demandants are the minor children of John O'Brien, suing by their guardian and next friend, Mary O'Brien ; and in proof of. their title they put in evidence a deed of the demanded premises from one Seavey to John O'Brien, dated February 7, 1852, recorded June 17, 1852 ; also a deed from O. S. Knapp to the demandants, dated January 14, 1873, duly recorded before this suit and hereinafter referred to. It appeared that John O'Brien lived on the premises with his family till January, 1856, when he died, leaving a widow and three minor children, the demandants. In May, 1857, the tenant married the widow, by whom he had three children, and he, with his wife, the demandants and his own children, lived on the demanded premises till after the commencement of this suit, in the house which the deceased and his family had occupied up to the time of his death. The tenant was acquainted with the deceased and family and knew where they lived.

The tenant contended that between the summer of 1859 and the spring of 1861 he furnished materials and erected at his own expense a house on the demanded premises, and upon its completion rented the same, and continued to rent and take to his own use the rents and profits of the whole premises to the commencement of this suit, and to exercise the entire control of the premises from his marriage ; and that he was, shortly after the death of his wife in May, 1872, informed for the first time that the title to the demanded premises was in the demandants, and that he had no actual notice of the demandants' title except such as was implied by law from the record.

The premises were for a considerable portion of the time taxed to the defendant at his own request, and the taxes for such time were paid by him till 1869. They were sold for the unpaid taxes of 1869 to O. S. Knapp, January 12, 1871, who received a deed in due form from the collector of Somerville, and Knapp, by deed dated January 14, 1873, released the premises to the demandants.

The tenant contended that, soon after the death of his wife, the title to the premises was examined for him, and that he thought his wife was the owner of the property, although he knew of no deed to her.

The judge found for the demandants, and ruled that, on the facts proved and contended by the tenant, he was not entitled to recover for the amount expended for improvements. To this ruling the tenant alleged exceptions. Upon the determination of the question of law, the case is to be sent to an assessor upon the amount of rents and profits coming to the demandants, and the amount expended by the tenant for improvements, as the case may require.

*C. P. Judd*, for the tenant.

*C. S. Lincoln*, for the demandants.

WELLS, J. Upon the statements of this bill of exceptions, we do not see why the sale for taxes did not pass to Knapp, the purchaser, the whole title to the land, including the improvements. After the right to redeem had expired, Knapp conveyed, by deed of release, to the demandants. The case shows no irregularity or invalidity in the proceedings. There is nothing in the case to require us to construe the deed from Knapp as a mere discharge of a lien, upon payment and redemption ; especially against the finding of the court below.

If the demandants recover upon their title as heirs of John O'Brien, we find no error of law in the ruling at the trial. The tenant, during the life of his wife, never occupied under any claim of right or title in himself. His wife, having a right of dower, and the demandants, as children and heirs of John O'Brien, were in actual possession, occupying jointly according to their legal rights. Gen. Sts. *c.* 90, § 7. His possession or occupation was altogether in their right, and not at all adverse, until after the death of his wife. He cannot establish a claim for improvements, therefore, on the ground of an actual holding for six years. *Mason* v. *Richards*, 15 Pick. 141. *Wales* v. *Coffin*, 100 Mass. 177.

Nor is his claim any better upon the ground of holding "under a title which he had reason to believe good." He never had any reason to believe that he had any title at all. It is of no avail that he "thought his wife was the owner of the property." He had no reason to think so. *Wales* v. *Coffin*, 100 Mass. 177.

*Saunders* v. *Robinson*, 7 Met. 310. The court below has so found, and nothing appears to show that this finding was erroneous. The case must therefore go to an assessor to ascertain the amount of rents and profits to which the demandants are entitled.

The ruling of the court below, that the tenant is not entitled to be allowed compensation for his improvements is

*Affirmed.*