## LYMAN W. DAGGETT *vs.* PATRICK TRACY.

Bristol.    Oct. 28, 1879. — Jan. 17, 1880.    COLT & AMES, JJ., absent.

At the trial of a writ of entry dated in 1878, it appeared that the tenant went into possession of the demanded premises in 1873, under an oral agreement with the demandant for a deed, upon payment of a certain sum with interest, and all taxes assessed thereon until the money was paid, but no time was named for the payment; that it was also agreed that the tenant should fence the land at his own expense; that the fence was built, a well was dug, and a house and barn erected by the tenant; that the house was afterwards mortgaged by the tenant as personal property, which mortgage was subsequently assigned to the demandant, who foreclosed the same, and the barn was afterwards removed; and that the tenant never paid or tendered any part of the principal and interest, nor did he pay the taxes assessed upon the land since the oral agreement was made. *Held,* that the tenant had no legal title to the premises, nor any title which he had reason to believe good, under the Gen. Sts. *c.* 134, § 19; and was not entitled to compensation for improvements made by him upon the premises.

WRIT OF ENTRY, dated April 15, 1878, to recover a parcel of land in Attleborough.    Plea, *nul disseisin.*    The tenant also filed a claim for improvements.    In the Superior Court, after a finding for the demandant, the case was referred to an assessor to hear and report the evidence upon the claim for improvements.    Upon the facts reported by the assessor, which appear in the opinion, the Superior Court ordered judgment for the tenant for improvements; and the demandant appealed to this court.

*J. Daggett & J. H. Dean,* for the demandant.

*S. R. Townsend,* for the tenant.

ENDICOTT, J.    We are called upon to decide whether, upon the facts reported, the tenant in this action is entitled, as matter of law, to compensation for the value of buildings or improvements made or created upon the demanded premises, on the ground that he holds them under a title which he had reason to believe good.    Gen. Sts. *c.* 134, § 19.

The tenant went into possession in April 1873, under an oral agreement with the demandant for a deed upon payment of $325, with interest at the rate of six per cent, and all taxes assessed thereon until the money was paid; but no time was named for the payment.    It was also agreed that the tenant should fence the land at his own expense.    The fence was built, a well was

dug, and a house and barn erected by the tenant. The house was mortgaged by the tenant in August 1873, as personal property, which mortgage was afterwards assigned to the demandant, who has since foreclosed the same; and, before the date of the writ in this action, the barn was removed. The tenant has never paid any part of the $325, and interest; and there is no evidence that he ever tendered the same, or was ready to carry out his agreement to pay the money; nor has he paid the taxes assessed upon the land since the oral agreement was made.

Upon these facts, it cannot be contended that the tenant had any legal title to the premises; *Saunders* v. *Robinson*, 7 Met. 310; nor had he any title whatever which he could in good faith have had reason to believe good. Gen. Sts. *c.* 134, § 19. It may be that he would have been entitled to a conveyance, if he had actually paid the purchase money within a reasonable time, and had complied with the other terms of the oral agreement; or if there had been part performance on his part, within the principles laid down in *Potter* v. *Jacobs*, 111 Mass. 32. It must be presumed that he knew that performance of the oral contract on his part was necessary to give him any title, but he failed to comply with it in any particular, and there was no basis whatever upon which he could found an actual belief that he had a good title. It may also be observed, that his mortgage of the house as a chattel, and his removal of the barn, are utterly inconsistent with the theory that they were made part of the real estate under the belief that he had a good title.

The case does not come within the provisions of the Gen. Sts. *c.* 134, § 19. See *Saunders* v. *Robinson*, 7 Met. 314; *Baggot* v. *Fleming*, 10 Cush. 451; *Plimpton* v. *Plimpton*, 12 Cush. 458, 467; *Haven* v. *Adams*, 8 Allen, 363; *O'Brien* v. *Joyce*, 117 Mass. 360, and cases cited.

The tenant is therefore not entitled to any compensation for improvements made or created on the demanded premises, and there must be                    *Judgment for the demandant.*