LEE N. FARR & another vs. INHABITANTS OF WARE.

Middlesex.    March 15, 1899. — May 19, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Massachusetts Highway Commission — Town — Selectmen — Agency.*

It is within the powers of a town to authorize the selectmen as its agents to make
a proposal to the Massachusetts Highway Commission that the town should pay
the cost of a portion of a road therein built under the direction of the com-
mission, upon condition that the commission should build a certain other portion
of State road for the building of which applications were then pending; and
the procuring by them in the performance of the duty so committed to them of
a plan and profile of such road is a proper and reasonable act of which no
formal record is necessary, and for the expense of which the town is liable.

CONTRACT, to recover compensation for services rendered as
civil engineers in the preparation of a plan and profile of a road
in the defendant town, at the request of the selectmen thereof.

At the trial in the Superior Court, before *Hammond*, J., there
was evidence tending to show that in August, 1896, the plain-
tiffs, at the request of the selectmen of the defendant town pre-
pared a plan and profile of two miles of a certain road between
Ware and Gilbertville; that at a town meeting held on Novem-
ber 5, 1895, under an article in the warrant " to see if the town
will authorize its board of selectmen to propose to the State
Highway Commission to pay for the building of about two
miles of macadamized road, the same to be built under the direc-
tion of the said commission, between Ware and Gilbertville, the
condition to be that said highway commission shall build the
one mile of State road already petitioned for between said Ware
and Gilbertville in the county of Hampshire and one mile of
road in continuation thereof already petitioned for in the village
of Gilbertville in the county of Worcester," the defendants
voted " that the town authorize the selectmen to make the pro-
posal to the State Highway Commission to pay for the building
of about two miles of macadamized road, the same to be built
under the direction of the said commission, between Ware and
Gilbertville, the condition to be that said highway commission
shall build the one mile of State road already petitioned for

between said Ware and Gilbertville in the county of Hampshire, and one mile of road in continuation thereof, already petitioned for in the village of Gilbertville in the county of Worcester"; that at a town meeting held on July 12, 1897, under an article in the warrant "to see if the town will vote to expend the sum of eight thousand dollars under the direction of the Massachusetts State Highway Commission in the construction of a State highway in the town of Ware on the road leading from Ware to Gilbertville," the town voted "that the town expend the sum of eight thousand dollars, under the direction of the Massachusetts State Highway Commission in the construction of a State highway in the town of Ware, on the road leading from Ware to Gilbertville, provided said commission will expend an equal amount during the year 1897, in the construction and continuance of said State road between said Ware and Gilbertville"; and under another article in the warrant for the same meeting, "to see if the town will authorize its treasurer under the approval of the selectmen and in accordance with the laws of the Commonwealth to borrow a sum of money not exceeding eight thousand dollars, to be used in constructing a State highway in the town of Ware on the road leading from Ware to Gilbertville," the town voted "that the town treasurer with the approval of the selectmen and in accordance with the laws of the Commonwealth be authorized to borrow the sum of eight thousand dollars to be used in the construction of a State highway in the town of Ware, on the road leading from Ware to Gilbertville, payable in eight years from the date of borrowing, in proportionate annual payments, at a rate of interest not exceeding four per centum per annum, and issue the notes of the town therefor"; and that all these votes related to the road for which the plaintiffs made the plan and profile at the request of the selectmen.

At the close of the case, the judge, at the request of the defendant, ruled that, even if the selectmen did make the contract declared on, the town was not bound by the acts of the selectmen, and directed the jury to return a verdict for the defendant. The plaintiffs alleged exceptions.

*W. M. Prest*, for the plaintiffs.

*H. C. Davis & J. H. Schoonmaker*, for the defendant.

BARKER, J. The first step in the transactions which led to the rendering of the services for which the plaintiffs seek compensation was the vote of the defendant, in the town meeting of November 5, 1895, under a proper article in the warrant, authorizing the selectmen to propose to the State Highway Commission that the town should pay for the building of about two miles of macadamized road to be built under the direction of the commission between Ware and Gilbertville, the condition of the payment to be that the commission should build two other miles of State road, the building of which was then a question pending before the commission under petitions already made. The services consisted in the making of such a plan and profile of the two miles which the vote authorized the selectmen to propose that the town should pay for building, as is required by St. 1894, c. 497, § 1, to accompany the petition to the commission for the taking of a road as a State highway, and these services were rendered at the request of the selectmen, in August, 1896. Thereafter, at a town meeting held on July 12, 1897, the defendant took further steps in the execution of the plan initiated by the vote of November 5, 1895, by voting that the town expend $8,000 under the direction of the commission in the construction of a State highway on the road from Ware to Gilbertville, provided the commission would expend an equal amount during the year 1897 in the construction and continuance of said State road between Ware and Gilbertville, and also by voting to borrow the sum so to be expended by the town. All these votes related to the road for which the plaintiffs made the plan and profile at the request of the selectmen.

Under the provisions of St. 1894, c. 497, § 1, when the selectmen of a town, having adjudged that the public necessity and convenience require that the Commonwealth take charge of an existing road, and apply by petition to the commission for the taking of the road as a State highway, their petition must be accompanied by a plan and profile of the road. There is no specific provision in any of the statutes relating to State highways as to how the expense of this plan and profile shall be paid. See St. 1893, c. 476; St. 1894, c. 497; St. 1896, cc. 345, 481, 513, 541; St. 1897, cc. 340, 355; St. 1898, c. 365, § 2;

c. 404, § 4; c. 528 ; Resolves, 1898, c. 106. It could not have been intended that the selectmen, in such a case, should provide the plan and profile at their own expense. But whether, in case of a petition under St. 1894, c. 497, § 1, the expense would be deemed one incurred under the provisions of the act, and be payable out of the money provided by the Commonwealth for the use of the commission, or be payable by the town whose officers the selectmen are, we need not now inquire, because, as we construe the bill of exceptions, the plan and profile made by the plaintiffs were not made to enable the selectmen to present a petition under St. 1894, c. 497, § 1, although they were such as would be required to accompany such a petition, but were made in aid of the proposal which the vote of November 5, 1895, authorized the selectmen to make to the commission.

In making an adjudication and applying to the commission under St. 1894, c. 497, § 1, very likely selectmen act as public officers ; and, unless when perhaps the town has taken the initiative and given them special authority, do not act as agents of the town. But in proposing to the commission that the town should pay for the macadamizing of two miles of its own roads if the commission would build two other miles of State highway, the selectmen were not acting as public officers, but as agents of the town specifically authorized by it to make the proposal by the vote of November 5, 1895.

It cannot be said, as matter of law, that a plan and profile of the road with reference to which the selectmen were so authorized to make the proposal were not proper and necessary to accompany the proposal. Nor can we say that the town was not in such a relation to the State highway, the building of which it attempted to secure through the proposal which the selectmen were to make, as to render it within the proper power of the town to attempt by fair means to secure the desired action upon the part of the commission. The town was charged by law with the burden of keeping in repair the one mile of that highway in Ware, and was under a liability to make compensation to any person for damage to person or property occasioned by the neglect of the town in the performance of that duty. If the action which the selectmen were authorized by the vote to attempt to secure from the commission should be taken, the

town would be in great measure relieved of this burden, by the operation of St. 1893, c. 476, § 10, and of St. 1894, c. 497, §§ 6, 7. Nor can we say that the plan and profile were not a proper expenditure on the part of the selectmen in executing the authority conferred upon them by the vote, in another view. The town had the right, under St. 1893, c. 476, § 2, to the advice of the commission as to the construction, repair, alteration, and maintenance of the two miles of road which by the vote it authorized the selectmen to propose that the town should macadamize at its own expense under the direction of the commission. The vote fairly involved the requesting of such advice. The office of the commission was in the city of Boston, and a plan and profile of the road which the town proposed to macadamize under the direction of the commission would be essential in procuring the advice and direction of the commission.

As the statutes with reference to the State highway commission and State highways contemplate applications to the commission on behalf of towns with reference to the construction and repair of any road in the town, as well as the taking of certain roads as State highways, we think it was within the power of the town to give to its selectmen, as its agents, the authority to make to the commission the proposal authorized by the vote of November 5, 1895, and that the procuring of the plan and profile was a proper and reasonable step on the part of the selectmen in the execution of the service so committed to them. As they were merely acting as agents, no formal record of their action was necessary.

The result is, that the case should have been left to the jury.

*Exceptions sustained.*