EDWARD R. NOYES *vs.* HERBERT H. AMBLER & another.

Suffolk. January 6, 1937. — February 23, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Municipal Corporations,* Conveyance of real estate, Officers and agents. *Tax,* Assessment, Sale. *Entry, Writ of.*

A vote of a town that the treasurer, with the approval of the selectmen, "is authorized to sell at public auction or private sale, all or any of its property acquired by . . . sale for non-payment of taxes, which sales have been confirmed by the Land Court or the tax commis-

sioner, and to give the proper deeds therefor," established a permanent method of disposing of property so acquired, and the authority thereby conferred was not limited to officers then in office nor to property previously acquired and then owned by the town.

Signature by two members of a board of three selectmen, in the presence of the third member, of a statement appended to a deed of a town, "We the undersigned board . . . hereby approve the above deed," together with a record of the meeting of the board stating that the sale was approved, constituted an approval sufficient in form and in substance to satisfy the requirements of a vote of the town that such deed should have the "approval of the selectmen" but not prescribing any form of approval.

Buildings erected and paid for by a husband on land of his wife and intended by him to become property of the wife passed by a sale to the town for collection of a tax thereafter assessed upon both the land and buildings as real estate of the wife.

A husband who paid for buildings built by him upon land of his wife with intent that they should be attached to the realty and become her property, had no standing to claim compensation for the buildings as improvements under § 16 or § 17 of G. L. (Ter. Ed.) c. 237, from one to whom the town had conveyed the land and buildings after it had purchased them at a sale for collection of a tax, assessed after the erection of the buildings, and had foreclosed the right of redemption from the sale.

WRIT OF ENTRY in the Land Court dated May 14, 1936.

There was a hearing by *Sullivan,* J., and an order of judgment for the demandant. The tenants appealed.

The case was submitted on briefs.

*H. L. Metcalfe & A. T. Handverger,* for the tenants.

*W. F. Porter & G. H. Millar,* for the demandant.

PIERCE, J. This is a writ of entry to recover possession of a parcel of land, with buildings and improvements thereon, situated in Bellingham. The demandant claims a right to possession of the premises described in the writ, under a deed to him from the town of Bellingham. The tenants are husband and wife. They each filed a plea of *nul disseisin.* In addition they allege that the deed under which the demandant claims title is invalid because it was executed by the town treasurer without proper authority, and that at the meeting of the board of selectmen on March 23, 1936, there was no action taken by the board on the sale of the premises to the demandant. The husband disclaims any interest in the land other than "curtesy rights," but

claims compensation for the value of buildings and improvements thereon which, he alleges, are personal property erected by him under license from the owner. The wife further answers that the deed to the demandant is not in accordance "with the provisions of the statute of frauds."

The legal title to the land which is the subject of this action had belonged to the tenant wife, Annie E. Ambler. The title to it had been acquired by the town of Bellingham by a tax sale deed dated August 18, 1932, and the tenants' right of redemption had been foreclosed by proceedings in the Land Court under G. L. (Ter. Ed.) c. 60. It was agreed at the hearing in the Land Court that the "town had a good title to the premises on March 23rd, 1936."

At the hearing before the Land Court the following written evidence was introduced by the demandant: (1) A vote of the town of Bellingham duly adopted at the town meeting on March 10, 1932, as follows: "Article 6. On motion of Walter H. Thayer, duly seconded, it was voted that the Treasurer, with the approval of the Selectmen, is authorized to sell at public auction or private sale, all or any of its property acquired by virtue of sale for non-payment of taxes, which sales have been confirmed by the Land Court or the Tax Commissioner, and to give proper deeds therefor." (2) A record of the meeting of the board of selectmen held on March 23, 1936, signed by the clerk of the board, containing the following: "The sale of the property of Herbert H. Ambler by the Town Treasurer, Walter H. Thayer to Mr. Noyes was approved." (3) A deed from the town of Bellingham to the demandant, dated March 23, 1936, recorded with Norfolk deeds, book 2105, page 241, signed by the treasurer of the town, Walter H. Thayer, admitted to have been in proper form to convey the title, which said deed contained a certificate or statement that the board of selectmen of the town of Bellingham had approved the same, under which statement appeared the signatures of two of the members of the board of selectmen. There was also a certificate appended to the deed certifying that a vote had been taken at a meeting of the board

of selectmen held on March 23, 1936, "To approve the sale, by Walter H. Thayer as Treasurer of the Town of Bellingham to" the demandant. At the hearing oral evidence was introduced relating to the occurrences at the meeting of March 23, 1936, the delivery of the deed to the demandant, the payment of the consideration, and the description of the buildings and so called improvements on the demanded land.

The judge of the Land Court found the following facts: ". . . no formal vote, 'on motion duly made and seconded' was taken at the meeting of the selectmen, as set forth in the vote attached to the deed and recorded therewith. All three selectmen were present during the whole of the. meeting. The chairman had with him the deed to the demandant which had previously been executed by the town treasurer. This he produced, and suggested that there was nothing to do but to approve it. Thereupon it was approved and signed by the chairman and Walter D. Richard. All this was in the presence and with the knowledge of the tenant, Herbert H. Ambler, the third member of the board. The consideration named in the deed was later paid by the demandant, and the deed delivered to him. The buildings on the demanded premises consist of a camp, a barn, a small store which has been converted into a dwelling, and two outhouses. They are all on posts and have no cellars. They are of cheap construction and in poor condition. All were erected prior to the date of the assessment of the tax for the nonpayment of which the premises were sold to the town. They were paid for by Herbert H. Ambler but he intended them to be attached to the realty and to become the property of his wife, the other tenant, who then owned the land. Prior to the tax sale they were assessed as realty to Annie E. Ambler with the knowledge of both tenants. There were also on the premises a racetrack for ponies, and some swings and slides, all erected by the tenant Herbert H. Ambler for public amusement purposes." The judge ruled that the vote of the town on March 10, 1932, being unrevoked, was still effective at the time of the sale to the demandant;

that it was not limited to the lands owned at the time of the vote, nor to the selectmen then in office; that it established a permanent method of disposing of property acquired by virtue of sale for nonpayment of taxes; that the town had a right to authorize the treasurer to convey the land as its agent, citing G. L. (Ter. Ed.) c. 40, § 3; c. 60, § 77; that the action of the selectmen at the meeting on March 23, 1936, was a sufficient compliance with the power given them by the vote of the town; and that no formal vote was required. He found that a majority of the board manifested their approval and evidenced the same by a memorandum on the deed signed at a meeting attended by all the members, and that there was no failure of notice to the third member or denial to him of opportunity to act, as in *Damon* v. *Selectmen of Framingham,* 195 Mass. 72. He further found that the tenant Herbert H. Ambler claims compensation for certain buildings and improvements as personal property, and ruled that "This being a real [estate] action, no compensation can be awarded for personal property." So far as material, he found (or ruled) that the buildings were real estate, and ruled that if the pleadings of the tenant should be construed as a claim for compensation for the value of buildings or improvements under G. L. (Ter. Ed.) c. 237, § 16 or § 17, it cannot be maintained. He found that the claimant was not holding adversely when he made the improvements, citing *Mason* v. *Richards,* 15 Pick. 141; and ruled that the land having been sold for taxes, he is not entitled to compensation for the improvements made by him before such sale, citing *O'Brien* v. *Joyce,* 117 Mass. 360. To the contention of the tenant Annie E. Ambler that the demandant's deed "with the records thereto attached, is not in accordance with the provisions of the statute of frauds," he ruled that the proceedings of the board of selectmen were not in violation of G. L. (Ter. Ed.) c. 259, § 1, Fourth, for the reason that the proceedings were not a contract for the sale of lands, within the meaning of the statute. He found that the action of the selectmen was evidenced by their written assent on the deed, and found or ruled that the transaction

has been completed by the delivery and recording of the deed and that the defence of the statute of frauds is pleaded by one who was not a party to the transaction.

It may be here noted that no exception was taken at the trial in the Land Court to the admission or exclusion of evidence, and no exception was taken to any ruling or refusal to rule by the judge. Judgment was ordered for the demandant.

The tenants in support of their appeal present the following questions of law: (1) "Has there been a sufficient approval of the sale by the selectmen or board of selectmen to validate the deed?" (2) "Have the treasurer and present board of selectmen any authority to convey newly acquired land under the vote of March 10, 1932?" (3) "Did the title to the buildings and other business improvements pass to Noyes under his deed from the town?" (4) "Is the deed or approval thereof in accordance with statute of frauds?"

The vote of the town meeting held on March 10, 1932, manifestly contemplated that the town would acquire real estate by virtue of sales for the nonpayment of taxes, and that rights of redemption of such acquired properties would be foreclosed after two years from a sale for taxes. G. L. (Ter. Ed.) c. 60, §§ 64, 65. The vote authorized the sale of both properties already so acquired and properties thereafter so acquired, when the period for redemption had passed and the right of redemption had been foreclosed by the Land Court. G. L. (Ter. Ed.) c. 40, § 3; c. 60, § 77. The intention of the town in passing the above quoted vote clearly was to provide a permanent method for the disposal of property acquired in the manner set forth in the vote. *Lumbard* v. *Trask,* 9 Met. 557, 561. *Packard* v. *First Congregational Parish in Duxbury,* 256 Mass. 550, 551.

As to the question whether there has been a sufficient approval of the sale by the selectmen, the judge found that no formal vote on motion duly made and seconded was taken at the meeting of the selectmen, but found that all the selectmen were present during the whole of the

meeting, that the deed in question was submitted and the approval thereof considered, that the whole matter was done in the presence of and with the knowledge of the tenant Herbert H. Ambler, one of the selectmen, and that the deed was then signed by the chairman and the other selectman, Walter D. Richard. The facts found by the judge established that it was the intention of the selectmen to approve the sale of the premises in question to the demandant. The vote of the town on March 10, 1932, did not prescribe any particular form of approval. It conferred upon the selectmen a large discretion as to what form the approval should take. *Farr* v. *Ware*, 173 Mass. 403. *Willard* v. *Newburyport*, 12 Pick. 227. The approval of the deed to the demandant appears on the deed in the following form: "We the undersigned Board of Selectmen of said Town of Bellingham hereby approve the above Deed. John L. Hunter Walter D. Richard," and there also appeared in the record of the meeting of the board of selectmen the following: "The sale of the property of Herbert H. Ambler by the Town Treasurer, Walter H. Thayer to Mr. Noyes was approved." The sale to the demandant was approved by a majority of the selectmen. Upon the facts shown this approval was sufficient in form and substance. *Attorney General* v. *Eastern Railroad*, 137 Mass. 45, 49.

As to the buildings upon the real estate, the judge found that they were erected prior to the date of the assessment of the taxes for the nonpayment of which the premises were sold to the town, that they were paid for by the tenant, Herbert H. Ambler, who intended them to be attached to the realty and to become the property of the other tenant, and that prior to the tax sale they were assessed as realty to Annie E. Ambler with the knowledge of both tenants. They were legally assessed. G. L. (Ter. Ed.) c. 59, § 3. *Milligan* v. *Drury*, 130 Mass. 428. The sale of the premises for taxes and the foreclosure of the right of redemption passed the whole title, including land and buildings. *O'Brien* v. *Joyce*, 117 Mass. 360. The tenant Herbert H. Ambler was not holding adversely to the de-

mandant, and therefore cannot claim compensation for improvements. *Mason* v. *Richards*, 15 Pick. 141.

We find no error in the proceedings in the Land Court.

*Judgment for the demandant.*