ALFRED D. WARREN *vs.* BENJAMIN JAMES.

Worcester.   Oct. 12, 1880. — April 4, 1881.   COLT, MORTON & FIELD, JJ.,
absent.

If land is sold under a power contained in a mortgage, the grantee of the purchaser
cannot maintain an action, on the St. of 1879, c. 237, against the mortgagor, to
recover possession of the land.

ACTION on the St. of 1879, c. 237,* to recover possession of a
parcel of land in Worcester.   Writ dated May 21, 1879.

At the trial in the Superior Court, before *Dewey*, J., it ap-
peared that, on December 22, 1863, the defendant made a mort-
gage of the premises in question to the Worcester Mechanics'
Savings Bank to secure the payment of a promissory note for
$10,000; that, on January 6, 1879, the bank assigned the mort-
gage and note to Nichols, Dupee and Company, who, on Janu-
ary 9, advertised the premises for sale, by virtue of the power
of sale contained in the mortgage, for breach of the conditions
thereof, and, on April 8, 1879, sold the same to Robert Ruddy,
and conveyed them to him on May 5, 1879; that, on May 6,
Ruddy conveyed the premises to the plaintiff; and that, after
the conveyance to him, and before the date of the writ, the
plaintiff made an open and peaceable entry upon the premises
for the purpose of obtaining possession of them and of bringing
this action.

Upon these facts, the judge ordered a verdict for the defend-
ant; and reported the case for the determination of this court.
If the plaintiff was entitled to recover, the verdict was to be set

---

* This statute, which took effect April 18, 1879, provides as follows:
"When a mortgage of real estate is foreclosed by a sale under a power
contained therein, or otherwise, and the person having a valid title to such
estate is kept out of possession by any person without right, he may recover
such possession in the manner provided in chapter one hundred and thirty-
seven of the General Statutes for the recovery of lands unlawfully held by
tenants; but the condition of the recognizance required in case of appeal
or removal on the part of the defendant shall be, to enter the action, and
to pay to the plaintiff a reasonable sum as rent of the premises, from the
day the mortgage is foreclosed until such possession is obtained, together
with all costs, if the final judgment is for the plaintiff."

aside and judgment was to be entered for him for possession of the premises; otherwise, the verdict was to stand.

*G. F. Verry & F. A. Gaskill,* for the plaintiff, cited *Brown* v. *Betts,* 13 Wend. 29; *Birdsall* v. *Phillips,* 17 Wend. 464; 2 Jones on Mortgages, § 1664.

*W. S. B. Hopkins,* for the defendant.

LORD, J. The only question presented for our consideration in this case is whether the St. of 1879, *c.* 237, is applicable to the facts, thus involving the true construction of that act.

Originally, the provisions of law which are contained in the Gen. Sts. *c.* 137, were designed to restore to the occupant of land, by summary process, a possession from which he had been ejected by force, or which was withheld from him by force. Subsequently, a landlord might be restored to possession of premises which his tenant should hold against him after his rights as tenant had expired. This was deemed an appropriate remedy, undoubtedly, because, when the relation of landlord and tenant exists, the tenant cannot dispute the title of his landlord. When the tenancy expires, the duty of the tenant is to surrender to his landlord. No question of title can be raised, or be inquired into in the suit. The question to be investigated is merely, Did the relation of landlord and tenant exist, and has it terminated? That no question of right to the estate can ever be tried in that suit is apparent from section 11 of that chapter, which is: "The judgment in such action shall not be a bar to any action thereafter to be brought by either party to recover the premises in question, or damages for any trespass thereon; but the sum recovered for rent according to the provisions of the two preceding sections shall be allowed and deducted in any assessment of damages in such subsequent action by the original plaintiff." And this is also manifest from the fact that the proceeding is to be before a justice of the peace, or a court of inferior jurisdiction, and the defendant can neither by removal nor appeal have his cause presented to a jury without entering into a recognizance with surety or sureties, the condition of which manifests that nothing is involved in the trial but the right of present possession.

It is therefore clear that this statute, in its general object and purpose, is for the restoration of one to possession of lands

from which he has been ejected or detained by force, or from lands unlawfully withheld from him, by one who is in such situation that he cannot dispute the claimant's right. Without the most decisive words to signify such a purpose, we should be unwilling to construe this statute as intended by the Legislature to be a substitute for a writ of entry ; and it is our duty to see in what respects the mortgagee of an estate sustains relations to it analogous to those relations out of which the right of action under the Gen. Sts. c. 137 accrues. It is not difficult to discover such relations. Instead of giving the party a right of action to try the title to the estate, it seems to us manifest that the language of the act conforms to what is the necessary purpose and object of the act. It is an act ancillary to and a part of the process of foreclosure. Whether, as in the case of landlord and tenant, the process is to be confined to mortgagee against mortgagor, we need not determine; but it must clearly be limited to the mortgagee, and at farthest to the person to whom the mortgagor has authorized the mortgagee to sell the estate in foreclosure.

The plaintiff in this case was not the mortgagee of the estate, nor was he the purchaser of the estate at the foreclosure sale. If he can maintain this process, it is entirely clear that his grantee may maintain it, and so may any subsequent grantee through however many mesne conveyances he may have acquired his title. Of course, it could not be open to the plaintiff to deny this seisin of his grantor at the time of the conveyance, for, if he stands in the relation of mortgagee and the defendant in the relation of mortgagor, the mortgagor cannot set up as against the mortgagee a disseisin by himself. The different condition of the recognizance required from that required under Gen. Sts. c. 137, indicates that this remedy is given as part of a process of foreclosure. The fact that Ruddy, who bought the premises at the foreclosure sale, conveyed them on the day succeeding that on which he received his deed, shows nothing except that his conveyance was after he received his title, and was not a part of the same transaction. It can make no difference in his legal status whether he took his title one day or one year after his grantor received his ; and the fact that the defendant is required by his recognizance " to pay to the plaintiff a

reasonable sum as rent of the premises from the day the mort-
gage is foreclosed until such possession is obtained," is conclusive
that the only person who is entitled to bring this action is the
person who is entitled to the possession of the property and the
rents thereof from the time of the foreclosure. If there may be
one or more intermediate conveyances, the rent could not be due
for the whole time to the one who takes the last conveyance;
and if such conveyances gave a right of recovery, there might
also be successive tenants of the estate, no one of whom could
be liable in equity and justice to the entire rent, nor would any
of the successive grantees be entitled to the whole from the
present or any other tenant; and this language of the recogni-
zance shows very clearly that this proceeding is a part of the
process of foreclosure, and that the process is limited to the
party foreclosing, and the party foreclosed upon. Assuming,
without deciding, that the purchaser at the sale is the foreclosing
party, his subsequent grantee is not, and consequently cannot
maintain this action, and there must be entered

<em>Judgment on the verdict for the defendant.</em>