NORTH BROOKFIELD SAVINGS BANK *vs.* OLIVER H. FLANDERS.

Suffolk. March 8, 1894. — May 17, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Mortgage — Foreclosure — Authority of Bank Officer — Forcible Entry and Detainer.*

If a person who purchases an estate at a sale under a power contained in a mortgage, with a provision authorizing the mortgagee to purchase at the sale, is the agent of the mortgagee, and the conveyance to him from the mortgagee and the reconveyance by him to the mortgagee are simultaneous acts, an action against the mortgagor to recover possession of the estate may be maintained by the mortgagee under the Pub. Sts. c. 175.

The treasurer of a savings bank has authority to foreclose a mortgage to the bank when directed so to do by the board of investment, if not before by virtue of his office, and his conveyance of the land to a purchaser at a sale under a power contained in the mortgage, and his subsequent acceptance of a conveyance

from his grantee, the mortgagee having authority to purchase at a sale, are merely incidental to the powers which existed, or were conferred upon him; and the bank, by accepting the deed and bringing an action to recover possession of the land, ratified his acts.

. ACTION, on the Pub. Sts. c. 175, to recover possession of an estate in Chelsea.

Trial in the Superior Court, without a jury, before *Bishop*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff was the mortgagee of the estate in question under a mortgage containing a power of sale in the usual form, and with a provision authorizing the mortgagee to purchase at the sale. The mortgage being overdue, the board of investment of the plaintiff bank verbally requested one Batcheller, its treasurer, to cause the mortgage to be foreclosed, and he accordingly published notices of the sale, which he advertised to take place on a day named. Prior to the day fixed for the sale Batcheller requested one Nye to attend the sale, and to bid off the property in his own name, but for the benefit of the bank, which Nye did. Thereafter a deed in the name of the bank, signed by " Charles E. Batcheller, Treasurer," was executed and delivered to Nye, and simultaneously therewith a deed of quitclaim to the bank was executed and delivered by Nye to Batcheller for the bank. No consideration was paid by Nye to the bank, nor by the bank to Nye, for the conveyances, the sole object of the parties being to effect a foreclosure of the mortgage, and to place the title to the property in the bank. The deeds were simultaneously put on record. Nye did not have possession of the mortgage nor of the deed given to him except for the purpose of receiving delivery of it. At the time when Batcheller requested Nye to bid off the property for the bank, the method of transferring the title by deed to Nye, and from him back to the bank, was spoken of, and settled upon, and the expense of the proceedings was borne by the bank.

The plaintiff introduced in evidence the mortgage of the defendant, the deed of Batcheller to Nye, and the affidavit of sale annexed to the same, as provided in the Pub. Sts. c. 181, § 18, and the release of Nye to the bank.

At the close of the evidence the defendant asked the judge to rule: 1. That the action could not be maintained, because it did

not appear that Batcheller had any authority to execute and deliver the deed from the bank to Nye. 2. That no action could be maintained in the name of the plaintiff. 3. That upon all the evidence the plaintiff could not maintain the action.

The judge declined so to rule, and found that, upon the evidence, Nye acted as the agent and representative of the bank, and that the method taken to effect a foreclosure and to place the title in the bank constituted the process of foreclosure, and found for the plaintiff for the possession of the premises; and the defendant alleged exceptions.

*J. G. Holt*, for the defendant.

*S. H. Tyng*, for the plaintiff.

LATHROP, J. The statute under which this action is brought provides : " When a mortgage of real estate has been foreclosed by a sale under a power contained therein or otherwise, the person entitled to the premises may recover possession thereof in the manner hereinafter provided." Pub. Sts. c. 175, § 1. The subsequent provisions give a summary process by a writ issued by a police, district, or municipal court, or trial justice. If the plaintiff obtains judgment in the inferior court, and the defendant appeals to the Superior Court, he must, by § 7, give a bond or recognizance conditioned for the entry of the action, and the payment to the plaintiff, if the final judgment is in his favor, of all costs, and of a reasonable sum as rent of the premises from the day when the mortgage was foreclosed until possession of the premises is obtained by the plaintiff.

These provisions were taken from the St. of 1879, c. 237. The purpose of the statute was to furnish to the person entitled to the estate a speedy method of obtaining possession of it, in place of a writ of entry. *Lowe* v. *Moore*, 134 Mass. 259.

In *Warren* v. *James*, 130 Mass. 540, where the assignee of a mortgagee foreclosed by a sale to A., who nearly a month later sold to B., and he on the following day sold to C., it was held that C. could not maintain an action under the St. of 1879. This decision rested on the language of the recognizance or bond required to be given respecting the payment of rent. As was said by Mr. Justice Lord, in delivering the opinion of the court : " If there may be one or more intermediate conveyances, the rent could not be due for the whole time to the one who takes

the last conveyance ; and if such conveyances gave a right of recovery, there might also be successive tenants of the estate, no one of whom could be liable in equity and justice to the entire rent, nor would any of the successive grantees be entitled to the whole from the present or any other tenant."

The difficulty which presented itself in *Warren* v. *James* does not arise where the purchaser is the agent of the mortgagee, and the conveyance from the mortgagee to him and the conveyance from him to the mortgagee are simultaneous acts.   We are of opinion, therefore, that in such a case an action may be maintained under the statute.

There can be no doubt of the authority of the treasurer of the plaintiff bank to collect the debt which was due by appropriate proceedings.   If he had not authority to foreclose the mortgage by virtue of his office, he certainly had such authority when authorized to do so by the board of investment ; and the subsequent proceeding is merely incidental to the powers which existed in him or were conferred upon him.   See *Bristol County Savings Bank* v. *Keavy*, 128 Mass. 298 ; *Holden* v. *Upton*, 134 Mass. 177, 179 ; *Smith Charities* v. *Connolly*, 157 Mass. 272.

But if there can be any question as to the authority of the treasurer, the plaintiff, by accepting the deed and bringing this action, has ratified his doings.          *Exceptions overruled.*