AMOS L. ALLEN *vs.* ELIZABETH A. CHAPMAN.

Suffolk. March 24, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Forcible Entry and Detainer against Lessee of Mortgagor.*

If a person who purchases an estate at a sale under a power contained in a mortgage, with a provision authorizing the mortgagee to purchase at the sale, is the agent of the mortgagee, and the conveyance to him from the mortgagee and the reconveyance by him to the mortgagee are simultaneous acts, an action against the mortgagor's lessee to recover possession of the estate may be maintained by the mortgagee, under Pub. Sts. c. 175.

ACTION, on the Pub. Sts. c. 175, to recover possession of an estate in Boston. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*M. F. Farrell,* for the defendant.

*S. P. Smith,* for the plaintiff.

KNOWLTON, J. This is a summary process for the recovery of land, brought under Pub. Sts. c. 175, § 1, which provides among other things that, " when a mortgage of real estate has been foreclosed by a sale under a power contained therein or otherwise, the person entitled to the premises may recover possession thereof in the manner hereinafter provided." A mortgage upon the premises sought to be recovered was foreclosed by a sale under a power contained therein, and the only questions in the case are whether the plaintiff is a party who may sue and the defendant a party who may be sued under this statute. The plaintiff was the mortgagee, and he bought the property at the sale through an agent whom he procured to bid at the auction in his own name, but in the plaintiff's behalf. A deed was made to the agent, who simultaneously executed a deed of quitclaim and release to the plaintiff. The sole object of the parties was to effect a foreclosure, and to place the title to the property in the plaintiff. It has been expressly decided that one who has a title obtained as this was may avail himself of this statute to get possession of the premises by a suit against

the mortgagor.  *North Brookfield Savings Bank* v. *Flanders,* 161 Mass. 335.

The defendant is in possession under a lease for years from the mortgagor, made subsequently to the mortgage.  The only remaining question is whether the plaintiff can proceed against her under this statute as he could have proceeded against the mortgagor if no lease had been made.  We are of opinion that he can.  The defendant has no better title than his lessor, and there is no reason why, in taking the title of the mortgagor, he should not be subject to the same liabilities as the mortgagor in regard to the paramount rights of the mortgagee.  We are of opinion that the decision of the Superior Court was correct.

*Judgment affirmed.*