MARY R. COVELL *vs.* ALICE J. MATTHEWS & another.

Middlesex.   March 9, 1923. — May 23, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Summary Process. Ejectment. Mortgage,* Of real estate.   *Jurisdiction. Land-lord and Tenant.*

A purchaser of real estate through mesne conveyances from a purchaser of it at a sale in foreclosure of a mortgage cannot maintain a writ of summary process in ejectment against the mortgagor who retains possession after the foreclosure, where it does not appear that the defendant ever had been a tenant of the plaintiff or of his predecessor in title or had recognized either of them as landlord.

SUMMARY PROCESS under G. L. c. 239, § 1, as amended, against Alice J. Matthews and Joseph W. Matthews, wife and husband, to obtain possession of the top floor of premises numbered 73 Massachusetts Avenue in Arlington.   Writ in the Third District Court of Eastern Middlesex dated August 1, 1921.

On appeal to the Superior Court, the action was heard by *Walsh,* J., without a jury.   The only notice to vacate given by this plaintiff was addressed to and served upon the defendant Alice J. Matthews, only, on July 11, 1921, and read as follows: " Dear Madam: — You having failed to pay the rent of the premises now occupied by you, to wit, the top floor of 73 Massachusetts Avenue, Arlington, you are hereby notified to quit and deliver up fourteen days from this date, the premises now occupied by you as my tenant."   Other material evidence is described in the opinion.   At the close of the evidence, the defendants asked for a ruling and a finding in their favor.   The request was denied.   The judge found and ordered judgment for the plaintiff for possession and costs; and the defendants alleged exceptions.

G. L. c. 239, § 1, reads as follows: " If a forcible entry into land or tenements has been made, if a peaceable entry has been made and the possession is unlawfully held by force,

if the lessee of land or tenements or a person holding under him holds possession without right after the determination of a lease by its own limitation or by notice to quit or otherwise, or if a mortgage of land has been foreclosed by a sale under a power therein contained or otherwise, the person entitled to the land or tenements may recover possession thereof under this chapter. A person in whose favor the Land Court has entered a decree for confirmation and registration of his title to land may in like manner recover possession thereof, except where the person in possession or any person under whom he claims has erected buildings or improvements on the land, and the land has been actually held and possessed by him or those under whom he claims for six years next before the date of said decree or was held at the date of said decree under a title which he had reason to believe good."

The case was submitted on briefs.

*A. L. Richards,* for the defendants.

*J. F. Cavanagh & P. A. Hendrick,* for the plaintiff.

RUGG, C.J. This is an action of summary process to recover possession of the top floor of 73 Massachusetts Avenue in Arlington. The defendants first entered upon the premises as tenants by the entirety in 1916. Whether there was at that time any mortgage upon the premises does not appear and perhaps is not material. In 1919 the defendants mortgaged the premises to one Dinner, who duly foreclosed purchasing them himself. *Matthews* v. *Dinner,* 237 Mass. 153. Later one Levins became owner and conveyed them to the plaintiff in May, 1921. In July, 1921, notice to quit and deliver up the premises within fourteen days was served on the defendant Alice J. Matthews. The premises not being vacated, this proceeding was brought.

The plaintiff is not entitled to prevail as purchaser through mesne conveyances from the purchaser at the foreclosure sale of the mortgage. *Warren* v. *James,* 130 Mass. 540.

Although in a certain sense it has been said that a mortgagor in possession or holding over after breach of condition is a tenant at will or tenant at sufferance of the mortgagee, it has several times been held that the mortgagee or the owner

of the premises cannot maintain under such circumstances the summary process for recovery of the premises. This statute was not designed to afford relief in cases of that nature. *Hastings* v. *Pratt,* 8 Cush. 121. *Larned* v. *Clarke,* 8 Cush. 29. *Gerrish* v. *Mason,* 4 Gray, 432. *Walker* v. *Thayer,* 113 Mass. 36. *Barrell* v. *Britton,* 244 Mass. 273.

There is nothing in the record to indicate that the defendants have ever been tenants of the plaintiff or her predecessors in title, or have recognized them as landlords.

*Exceptions sustained.*