### FRANCES E. DAYTON *vs.* MARY A. BRANNELLY.

Suffolk.   March 3, 1926. — May 25, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Summary Process for Possession of Land.   Mortgage,* Of real estate: fore-closure by entry.

An assignee of a mortgage of real estate, who merely has made a peaceable entry to foreclose the mortgage under G. L. c. 244, §§ 1, 2, and has given due notice thereof to the mortgagor in possession, cannot main-tain summary process for possession of the real estate under G. L. c. 239 before the right of redemption of the mortgage has been finally fore-closed either by the passage of three years from the date of the entry or otherwise.

SUMMARY PROCESS for possession of premises numbered 16 Greenville Street in that part of Boston called Roxbury. Writ dated May 15, 1923.

In the Superior Court, the facts were agreed upon and are described in the opinion. The action was tried before *Brown,* J., who ordered a verdict for the defendant and re-ported the action to this court.

*J. J. Donahue,* for the plaintiff.

*D. E. Irwin,* for the defendant.

WAIT, J. The plaintiff, who claims to be assignee of a mortgage and to have made a peaceable entry to foreclose, G. L. c. 244, §§ 1, 2, and thus to have acquired possession, seeks by recourse to the summary process for the possession of land, G. L. c. 239, to recover actual possession of the mortgaged premises. The writ was dated May 15, 1923. The case was tried upon agreed facts. After a verdict had

been rendered by direction for the defendant, it is before us upon a report, with a stipulation that, if there was error, judgment is to be entered for the plaintiff, otherwise to be entered on the verdict.

It is not necessary to discuss all the many grounds argued by the defendant in her contentions that the plaintiff cannot prevail. If it be assumed, and it is probably true, that the mortgage was valid, the assignment good, and the entry to foreclose legal; nevertheless the demandant is precluded from recovery by G. L. c. 239, § 8, which provides that there shall be no recovery by virtue of the summary process "of any land or tenements of which the defendant, his ancestors or those under whom he holds the land or tenements have been in quiet possession for three years next before the commencement of the action unless the defendant's estate therein is ended."

The defendant has been in possession of the premises ever since she joined with her husband in mortgaging them to Star Brewing Company, the plaintiff's assignor, on March 23, 1915. There has been no sale to foreclose under any power in that mortgage. The entry to foreclose made on behalf of the demandant as holder of the mortgage on November 11, 1920, could not ripen so as to end the defendant's title before November 11, 1923.

It is manifest that when the writ was sued out, the defendant's estate in the premises had not ended, and that she had been in possession for more than three years. *Mitchell* v. *Shanley*, 12 Gray, 206. *Cunningham* v. *Davis*, 175 Mass. 213, 222. The plaintiff attaches importance to a notice given November 11, 1920. This was not a notice to quit, *Currier* v. *Barker*, 2 Gray, 224; but, had it been, it would not save the proceeding. The process pursued is purely statutory; and it does not lie in favor of any one not strictly within its terms. *Hastings* v. *Pratt*, 8 Cush. 121. *Boyle* v. *Boyle*, 121 Mass. 85. Until St. 1879, c. 237, no mortgagee or claimant under a mortgage could use it to obtain possession of the mortgaged premises. *Woodside* v. *Ridgway*, 126 Mass. 292. *Hastings* v. *Pratt, supra.* Compare *Warren* v. *James*, 130 Mass. 540. *Walker* v. *Thayer*, 113 Mass. 36. Since that

enactment, later embodied in Pub. Sts. c. 175, § 1, R. L. c. 181, § 1, and G. L. c. 239, § 1, the summary process remains inapplicable before a foreclosure is complete, unless there has been an actual possession in the plaintiff and a forcible entry upon or a forcible detainer against that possession. *Covell* v. *Matthews*, 245 Mass. 135.

The plaintiff has misconceived her remedy. The judge was right.

*Judgment on the verdict.*