## M. Louisa Swain *vs.* Joseph Sogliero.

Essex.   May 15, 1929. — May 28, 1929.

Present: Rugg, C.J., Crosby, Carroll, Sanderson, & Field, JJ.

*Summary Process.*

The purchaser of real estate at a sale in foreclosure of a mortgage, who never has been in possession of the property, may maintain an action of summary process under G. L. c. 239, § 1, against one, who was in possession without payment of rent previous to the foreclosure under an oral agreement with the owner of the equity of redemption to purchase on certain conditions and who had refused to comply with a demand made by the plaintiff upon acquiring title that he either pay rent or quit the premises.

Summary process for the possession of land.   Writ in the District Court of Southern Essex dated September 26, 1928.

On appeal to the Superior Court, the action was heard by *F. T. Hammond*, J., without a jury, upon an agreed statement of facts.   Material facts are stated in the opinion. Judgment for possession was ordered.   The defendant appealed.

The case was submitted on briefs.

*W. E. Sisk & R. L. Sisk*, for the defendant.

*G. W. Howe*, for the plaintiff.

Rugg, C.J.   This is an action of summary process for the recovery of possession of land.   The defendant entered into an oral agreement with the owners of the equity of redemption to purchase the property upon certain conditions; and by their consent, acting also under an oral agreement, he entered into possession of the premises and continued to occupy them.   Thereafter a mortgagee foreclosed a mortgage upon the premises, which were sold at foreclosure sale to the plaintiff.   Immediately upon acquiring title to the premises, the plaintiff demanded of the defendant that he either pay rent or quit the premises.   The defendant refused, and the

present proceeding resulted. The defendant has never paid rent for the premises to anybody, has never recognized the right of the plaintiff to the possession, and the plaintiff has never been in possession of the premises.

The case was submitted to the Superior Court upon an agreed statement of facts. Judgment for possession was ordered in favor of the plaintiff. The appeal of the defendant rightly brings the case here. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.

Plainly prior to the enactment of St. 1879, c. 237 (now embodied in G. L. c. 239, § 1) the plaintiff could not prevail. By that statute it was enacted that summary process was available if a mortgage of land has been foreclosed under a power therein contained or otherwise. It has been held that under that statute the process is available to the purchaser at such foreclosure sale. It is not available to a grantee of such purchaser. The reasons for this were set out at length in *Warren* v. *James*, 130 Mass. 540. They were affirmed and applied in *Lowe* v. *Moore*, 134 Mass. 259, and *North Brookfield Savings Bank* v. *Flanders*, 161 Mass. 335. There is nothing inconsistent with these cases in *Barrell* v. *Britton*, 244 Mass. 273, *Covell* v. *Matthews*, 245 Mass. 135, *Ratner* v. *Hogan*, 251 Mass. 163, and *Dayton* v. *Brannelly*, 255 Mass. 551. None of these cases goes further than to hold in accordance with the principle declared in *Warren* v. *James*, *supra*, that summary process was not available to the grantee either immediately or through mesne conveyances from the purchaser at such foreclosure sale. The process is available to the purchaser at such foreclosure sale whether the one in possession of the premises occupies, or has ever occupied, the position of tenant to the owner.

*Order for judgment affirmed.*