ANNA F. McGILLICUDDY *vs.* EDWARD DEVLIN & another.

Suffolk.    December 15, 1931. — May 19, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Mortgage,* Of real estate: foreclosure.  *Tenants by the Entirety.  Summary Process.  Bond.*

Although, in proceedings for foreclosure of a mortgage of real estate given by a husband and wife as tenants by the entirety, the descriptive words, "tenants by the entirety," were not used either in the notice of the sale or in the deed to the purchaser at the sale, and those words were not used in the writ in subsequent proceedings in summary process under G. L. c. 239, § 1, brought by the purchaser at the foreclosure sale against the husband and wife or in a bond given by the defendants in the summary process upon appeal from a municipal to the Superior Court, nevertheless, if throughout both such proceedings the mortgagors and defendants were described as "husband and wife," it was a fair interpretation of both proceedings that they were against tenants by the entirety, and in the proceedings in summary process a judgment for the plaintiff for possession properly was entered.

The mere facts that, in the proceedings in summary process above described, the plaintiff proved a notice to the defendant wife to quit and deliver up the premises and that the bond given by the defendants upon appeal was in the form of bond required by G. L. c. 239, § 5, instead of that required by § 6, did not preclude the plaintiff from asserting and proving that he was the purchaser at a valid sale under power to foreclose the mortgage and that as such he was entitled to prevail.

SUMMARY PROCESS.    Writ in the Municipal Court of the Roxbury District of the City of Boston, dated November 14, 1930.

On appeal to the Superior Court, the action was heard by *Keating,* J., who found for the plaintiff for possession and reserved the action for report.  By reason of his failure owing to physical disability to make a report, the action afterwards was reported by *Gray,* J., for determination by this court.

*J. H. Kenney,* (*N. Kenney* with him,) for the defendants.
*W. R. Scarritt, Jr.,* for the plaintiff.

WAIT, J.   There is no dispute that the defendants, husband and wife, owners as tenants by entirety in real estate, mortgaged that real estate to the plaintiff; that they defaulted in payment; and that after a foreclosure sale at which the plaintiff purchased and under which she later received a deed of the property, they retained possession of part at least of the real estate.   The plaintiff brought a proceeding under G. L. c. 239, § 1, to recover possession. At the trial in the Superior Court, on appeal from a judgment in the District Court for the plaintiff for possession, the trial judge refused to find for the defendants.   He found for the plaintiff and reported the case.

The defendants contend that the plaintiff in her notice of foreclosure sale, in the sale and in this proceeding has dealt with them as tenants in common; and that, consequently, the sale was bad and this proceeding cannot be maintained.   They argue that all that a mortgagee can sell validly under a power of sale in a mortgage is the title conveyed by the mortgage deed, and that if that title is by entireties a sale of a title as tenants in common is nugatory. We need not discuss the contention as a proposition of law. We are satisfied that it has here no basis as matter of fact. Although it is true that the descriptive words "tenants by the entirety," which were used by the defendants as grantors in the mortgage deed to the plaintiff, are not used in the notice of foreclosure sale, in the deed to the purchaser, in the writ against the defendants, or in the bond given by them to prosecute their appeal, nevertheless in all these the defendants are described as "husband and wife."   None but husband and wife can be tenants by the entirety.   *Morris* v. *McCarty,* 158 Mass. 11.   *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 487, and cases there cited.   *Ames* v. *Chandler,* 265 Mass. 428, 431.   It is a fair interpretation of a notice of mortgage sale which describes the grantors, mortgagors, as husband and wife and refers to a deed in which they characterized themselves as husband and wife, tenants by the entireties, that it notifies of a sale of a title by the entirety.   Where action is brought against defendants described as husband and wife, who are charged with a single

possession of an apartment, it is the fair interpretation that the proceeding is against tenants by the entirety.

While it is true that the plaintiff proved a notice to the female defendant to quit and deliver up the premises and that the bond given upon appeal was in the form of bond required by G. L. c. 239, § 5, when the proceeding is brought under a right derived in some way other than under foreclosure of a mortgage, and not in the form prescribed by G. L. c. 239, § 6, where the right asserted arises under a foreclosure, we think this does not preclude the plaintiff from asserting and proving that she was the purchaser at a valid sale under power to foreclose a mortgage, and as such entitled to prevail. Nothing in the cases cited by the defendants, *Pray* v. *Stebbins*, 141 Mass. 219, *Voigt* v. *Voigt*, 252 Mass. 582, *Raptes* v. *Pappas*, 259 Mass. 37, *Licker* v. *Gluskin*, 265 Mass. 403, *Ames* v. *Chandler*, 265 Mass. 428, requires a different conclusion. The right to bring this proceeding was given by G. L. c. 239, § 1. The judge's decision is sustained by *Lowe* v. *Moore*, 134 Mass. 259, *North Brookfield Savings Bank* v. *Flanders*, 161 Mass. 335, *Allen* v. *Chapman*, 168 Mass. 442, *New England Mutual Life Ins. Co.* v. *Wing*, 191 Mass. 192, *Swain* v. *Sogliero*, 267 Mass. 236.

The order must be

*Judgment for plaintiff for possession.*