ALICE C. BARRY *vs.* BURTON E. DUDLEY.

Middlesex.　　December 7, 1932. — March 1, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Mortgage,* Of real estate: foreclosure. *Summary Process for Possession of Land.*

Where a mortgagee of land, which had been in the possession of the mortgagor for nearly fourteen years, entered to foreclose and subsequently sold the premises to himself at a foreclosure sale and gave to himself a deed thereof which was duly recorded, the mortgagor's equity of redemption and estate in the premises were ended within the meaning of G. L. (Ter. Ed.) c. 239, § 8; and the provisions of § 8 were not a bar to an action of summary process for possession of the premises by the mortgagee as purchaser against the mortgagor.

The defendant above described was not entitled to hold possession of the land until the plaintiff as mortgagee had accounted for and paid to him an amount by which the purchase price at the foreclosure sale exceeded the amount due on the mortgage.

SUMMARY PROCESS for the possession of land. Writ in the First District Court of Eastern Middlesex dated April 27, 1932.

On appeal to the Superior Court, the action was tried before *Morton, J.* Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor, and ordered a verdict for the plaintiff. The defendant alleged exceptions.

*W. R. Drugan,* for the defendant, submitted a brief.

*F. H. Harding, Jr.,* for the plaintiff.

LUMMUS, J. The plaintiff, the assignee of a mortgage given by the defendant, on April 13, 1932, made an entry

on the premises for the purpose of foreclosing the mortgage, sold the premises to herself at a foreclosure sale under the power in the mortgage, and gave to herself a foreclosure deed which was duly recorded. The regularity of these proceedings is not challenged. On April 27, 1932, she brought this writ of summary process under G. L. (Ter. Ed.) c. 239, § 1, to obtain possession of the premises, which have been in the possession of the defendant mortgagor ever since the mortgage was given on October 16, 1918.

The defendant relies on G. L. (Ter. Ed.) c. 239, § 8, which provides that "There shall be no recovery under this chapter of any land or tenements of which the defendant, his ancestors or those under whom he holds the land or tenements have been in quiet possession for three years next before the commencement of the action unless the defendant's estate therein is ended." The entry to foreclose did not necessarily interrupt the defendant's possession. *Mitchell* v. *Shanley*, 12 Gray, 206. *Dayton* v. *Brannelly*, 255 Mass. 551, 552. The plaintiff does not bring this action under her foreclosure by entry, because that is far from complete. *Dayton* v. *Brannelly*, 255 Mass. 551. But it is hard to see why the foreclosure sale, and the deed given under it, did not terminate the defendant's estate and entitle the plaintiff to maintain this action. She is the original purchaser at the foreclosure sale, not a mere grantee of the purchaser. *Swain* v. *Sogliero*, 267 Mass. 236. *Allen* v. *Chapman*, 168 Mass. 442. When the plaintiff bought at the foreclosure sale and gave a deed to herself, she ended the equity of redemption of the defendant, and became responsible for the application of the purchase price as though she had received it upon a foreclosure sale to a stranger. *Alden* v. *Wilkins*, 117 Mass. 216, 218. *Hood* v. *Adams*, 124 Mass. 481. *Spencer Savings Bank* v. *Cooley*, 177 Mass. 49. *Pilok* v. *Bednarski*, 230 Mass. 56. *Feuer* v. *Capilowich*, 242 Mass. 560. *Antonellis* v. *Weinstein*, 258 Mass. 323. Compare *Weiner* v. *Slovin*, 270 Mass. 392; *Brooks* v. *Bennett*, 277 Mass. 8.

The defendant suggests that the price at the foreclosure sale exceeded the amount due, and left a surplus to which

he is entitled. He contends that he has a right to hold possession until the surplus has been accounted for and paid, and that until that is done his "estate" is not ended. But it is settled, to the contrary, that he has no right to the surplus except upon the assumption that his estate in the land has already been foreclosed and ended. *Goldman* v. *Damon,* 272 Mass. 302, 306. *Chute* v. *Cronin,* 273 Mass. 471, 474. *Brooks* v. *Bennett,* 277 Mass. 8. He has no more possessory lien upon the land to secure its payment than he would have in the case of a foreclosure sale to a stranger.

The direction of a verdict for the plaintiff in the Superior Court, on appeal from a district court, was right upon the conceded facts.

*Exceptions overruled.*