EVERETT L. PAINE *vs.* OLIVER GOBIN & another.

Middlesex.    September 26, 1934. — October 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Entry, Writ of.*

A mortgagee of real estate assigned the mortgage to a bank and thereafter purported to foreclose as mortgagee and to sell the property to himself under the power of sale in the mortgage. He then gave possession to one who as a tenant orally agreed to make a certain payment on taking possession and monthly payments thereafter, with a privilege of purchasing on certain terms. No such payments were made and others of the terms respecting purchase were not performed, although sums were expended and labor performed by the tenant in improvement of the premises and the construction of a building thereon. One claiming title under a foreclosure of the mortgage by the bank brought a writ of entry against the tenant, in which the tenant sought compensation for the building and improvements under G. L. (Ter. Ed.) c. 237, § 17. *Held,* that

(1) The entry of the tenant under an oral agreement which he did not carry out in its essential features did not give him any title which in good faith he could have reason to believe good;

(2) The tenant was not entitled to compensation under said § 17.

WRIT OF ENTRY, dated May 20, 1933.

In the Land Court, the action was heard by *Corbett,* J. Material facts and evidence are described in the opinion. Judgment was ordered for the demandant, the judge finding and ruling that the tenants were not entitled to an allowance for improvements. The tenants alleged exceptions.

*H. J. Meleski,* for the tenants, submitted a brief.

*W. Temple,* for the demandant.

PIERCE, J.   This is a writ of entry, in the form of a writ of original summons, issued out of the Land Court on May 20, 1933. The tenants pleaded *nul disseisin,* also filed a claim for betterments, and contended that they were holding the demanded premises under a title which they had reason to believe was good, that they had brought bills in

equity for the enforcement of their said title, that said bills were pending in the Superior Court but the demandant was not a party thereto, he having acquired title subsequently to the filing of said bills. Before the taking of evidence the tenants presented a motion requesting an abatement of the action on the ground, set up in their answer, that the same subject matter, involving the same title, was pending in the Superior Court between the tenants, Percy R. Coldwell and the Hudson National Bank, which suits were entered prior to the bringing of the writ of entry. This motion was denied, the tenants' exception was noted, and the case proceeded to trial. The tenants state in their brief that the question to be decided is "whether or not the tenants in this action are entitled, as a matter of law, to compensation for the value of the improvements." Upon this declaration of the issue we consider the exceptions to the denial of the motion and to the granting of the requests for rulings, in so far as they are not inconsistent with the tenants' claim for betterments, or waived. We further assume under the declaration of issue to be determined that the tenants, subject to their claim for betterments, admit that the demandant at the date of his writ had title and a right to the immediate possession of the parcel of land described in the writ against the tenants.

At the trial the uncontested evidence for the demandant was that one Fred A. Mathewson became the owner of the premises described in the writ, by deed, duly recorded, dated May 5, 1921; that said Mathewson conveyed the premises in mortgage by deed, duly recorded, dated January 14, 1932, to Percy R. Coldwell; that Coldwell assigned said mortgage to the Hudson National Bank by an instrument, duly recorded, dated March 9, 1932; that an entry to foreclose was made on February 11, 1933, and duly recorded on March 3, 1933; that the Hudson National Bank, by virtue of the power contained in said mortgage, foreclosed the mortgage by sale and conveyed the premises to John J. Plant by deed dated February 16, 1933, and duly recorded March 3, 1933; that said Plant conveyed the premises to Everett L. Paine,

who is the demandant in this action, by deed, duly recorded, dated March 2, 1933.

The tenants introduced evidence to the effect that on January 26, 1932, they commenced dealing with the said Percy R. Coldwell for the purchase of the realty, title to which is involved in this case. Coldwell did not have title to the premises but did have a mortgage, dated January 14, 1932, to secure the payment of $3,000 in four months from the date of the deed. This is the mortgage assigned to the Hudson National Bank on March 9, 1932, and is shown in the demandant's chain of title above described. Coldwell did not represent himself in these dealings with the tenants as the owner of the premises, but said he probably would own the property under foreclosure when the mortgage came due because Mathewson would not carry out his agreement regarding the construction of a house on the premises. Coldwell advertised the premises for sale under the power in the Mathewson mortgage on June 3, 10, and 17, 1932, and conveyed them to himself by deed dated June 25, 1932, and duly recorded on June 27, 1932. Oliver Gobin, one of the tenants in this action, was present at the sale and saw Coldwell bid the property in. The premises were those already assigned in March, 1932, to the Hudson National Bank.

The evidence for the tenants discloses that "Both Coldwell and Gobin believed at this time [that] title had been acquired to the premises by said Coldwell [under said sale] and in pursuance of which belief said Coldwell with his trucks, subsequently moved on to the premises goods and effects of Gobin, from his home in Shrewsbury, Mass." The reported evidence, in substance, shows that the house on the premises at that time was not finished and contained no poultry houses; that the rest of the family, consisting of the other tenant (Gobin's wife) and eleven children, moved on to the premises the latter part of August, 1932, and have remained ever since; that Coldwell delivered material on the premises and furnished workmen, to the amount of $965.76, which he charged to, but was never paid by, Gobin; that Gobin pulled down a barn, installed a septic tank, installed a tile drain from the house to the street, constructed a portion

of a back porch of the house, graded the land, paid a contractor $500 for constructing a hen coop on the premises, installing himself the electric wiring and chicken wire, expending a total sum of $1,497 from July 2, 1932, exclusive of $965.76 in labor and materials furnished by said Coldwell from July 2, 1932, to September 15, 1932; that all improvements or additions were made subsequently to March 9, 1932, the date of the assignment of the Mathewson mortgage to the Hudson National Bank and prior to February 16, 1933, the date when the Hudson National Bank foreclosed that mortgage.

The reported evidence further discloses that Coldwell put the tenants in possession in August, 1932, under an oral agreement whereby they were to pay $50 on taking possession and $50 a month thereafter, with the privilege of purchasing the premises. The tenants testified, in substance, that they went into possession under an oral agreement with Coldwell to finish said house, construct the hen coops, doing all necessary labor incidental to the same, and to purchase the property at a price of $3,000 plus actual cost of finishing the house and constructing hen coops. What they put in toward finishing the house in the form of labor would be taken as a down payment on the purchase price, the balance to be paid by a savings bank first mortgage to be placed upon the premises, the proceeds going to Coldwell who was to take a second mortgage for the balance payable $1 per month on each $100 of the amount of said mortgage with interest at six per cent. Respecting this evidence the judge found that they "did not pay $50 or any sum on taking possession, nor have they paid any sum up to the present time. They did, however, improve the premises in some particulars and they also erected a large sized hen house thereon. They endeavored to arrange for a loan giving as security therefor a mortgage on the demanded premises, but were unable to do so, and the option to purchase contained in said oral agreement was never exercised."

On the above facts the foreclosure sale and deed to Coldwell from himself to himself, purporting to be by virtue of the power in the mortgage of Mathewson to Coldwell, were a

nullity. The title of Coldwell in the demanded premises was at most that of a disseisor, and the interest of the tenants in possession of the premises in the right of Coldwell was at most that of tenants at will. The tenants asserted no title to the premises greater than attaches to the holding of real estate in possession under an oral agreement of sale and purchase. A tenant's right to betterments is given by §§ 16 and 17 of G. L. (Ter. Ed.) c. 237, which read: § 16: "If the land demanded has been actually held and possessed by the tenant and by those under whom he claims for six years next before the date of the writ, he shall, if judgment is against him, be entitled to compensation as hereinafter provided for the value of any buildings or improvements made or erected on the land by him or by any person under whom he claims." § 17: "The tenant shall also be entitled to like compensation although the land has not been so held for six years, if he holds it under a title which he had reason to believe good." The tenants here have actually held and possessed the land only since the foreclosure sale of Coldwell to himself in June, 1932, and the occupation of the premises by Gobin, his wife and family in August, 1932. It follows that the tenants are not entitled to any reimbursement for improvements under § 16. Respecting § 17, above quoted, it is plain that the "title" which confers the right to compensation is not a mere occupation of land but a holding and possession of land "under a title which . . . [the tenants] had reason to believe good." Whether Coldwell had title or not, the entry by the tenants under an oral agreement which they did not carry out in its essential features did not give them any title whatever which they could in good faith have reason to believe good. *Daggett* v. *Tracy,* 128 Mass. 167.

                                              *Exceptions overruled.*