SHEEHAN CONSTRUCTION COMPANY *vs.* BURTON E. DUDLEY.

Suffolk.   March 1, 1937. — December 27, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, & QUA, JJ.

*Res Judicata. Summary Process. Land Court,* Findings by judge.

An action of summary process to recover possession of land claimed to have been purchased by the plaintiff at a sale in foreclosure of a mortgage put in issue the title as well as the right of possession.

Judgment for the plaintiff in an action of summary process brought by an alleged purchaser at a sale in foreclosure of a mortgage, and a decree in his favor in a suit in equity to set aside the foreclosure, rendered

the title to the land *res judicata* in favor of his grantee, the demandant in a later writ of entry against the one who had been the defendant in summary process and the plaintiff in equity.

In a writ of entry, judgment for the demandant without allowance for the tenant's claimed improvements imported a finding that no improvements were made, which was final in the absence of a report of the evidence.

WRIT OF ENTRY in the Land Court, dated November 12, 1935.

There was a decision by *Corbett*, J., ordering judgment for the demandant. The tenant appealed. A motion to dismiss the appeal was denied by this court, as reported *ante*, 48.

*M. M. Frankel*, for the tenant.

*H. F. Marks*, for the demandant.

RUGG, C.J.   After the denial of the motion of the demandant to dismiss the appeal, the writ of entry was argued on its merits. The history of the title is set forth to some extent in the opinion of this court when the motion to dismiss the appeal was considered. The demandant asserts title through a deed of the premises from William F. Hayes to it dated April 21, 1934, and duly recorded. Hayes derived his title by deed from Alice C. Barry dated April 5, 1933, and duly recorded. Alice C. Barry acquired her title under a foreclosure deed. As assignee of a mortgage on the demanded premises she sold the same to herself at a foreclosure sale under the power in the mortgage and gave to herself a foreclosure deed dated April 13, 1932, which was duly recorded. Shortly thereafter, she brought a writ of summary process in the appropriate district court against the present tenant. That proceeding was tried on appeal in the Superior Court and came to this court, where it was held that "the direction of a verdict for the plaintiff in the Superior Court, on the appeal from a district court, was right upon the conceded facts." *Barry* v. *Dudley*, 282 Mass. 258. Thus it appears that the demandant is the owner of the record title to the demanded premises.

The findings of fact made by the judge of the Land Court, unless tainted by some error of law, must be accepted as final. *Commercial Credit Co.* v. *M. McDonough Co.* 238 Mass. 73, 78. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

The requisites for the maintenance of a writ of entry are set out in G. L. (Ter. Ed.) c. 237, §§ 1–8.  The demandant declared in accordance with the requirements of those sections.  The demandant proved the estate it asserted by introducing in evidence its deed.  The demandant had a right of entry to the demanded premises by virtue of G. L. (Ter. Ed.) c. 183, § 7, to the effect that a "conveyance of land, if otherwise valid, shall, notwithstanding disseisin or adverse possession, be as effectual to transfer the title of the grantor as if he were actually seized and possessed of such land, and shall vest in the grantee the rights of entry and of action for recovery of the estate incident to such title." *McLoud* v. *Mackie*, 175 Mass. 355, 357.  The tenant did not prove any title in himself.  There is no merit in the contention of the tenant to the effect that there was error in the ruling that, in an action of summary process by the purchaser at a mortgagee's sale, the legal title may be put in issue and it therefore is incumbent upon the plaintiff to establish his right of possession to the land demanded.  Since the enactment of St. 1879, c. 237, now included in G. L. (Ter. Ed.) c. 239, § 1, summary process has been available to the original purchaser at a foreclosure sale. In proceedings to that end it is incumbent upon such purchaser to establish his right of possession.  The legal title in those circumstances plainly may be put in issue.  *New England Mutual Life Ins. Co.* v. *Wing*, 191 Mass. 192, 195.  *Williams* v. *McGaffigan*, 132 Mass. 122.  *North Brookfield Savings Bank* v. *Flanders*, 161 Mass. 335, 337.  *Page* v. *Dwight*, 170 Mass. 29, 40.  *Lewis* v. *Jackson*, 165 Mass. 481, 486, 487.  *Allen* v. *Chapman*, 168 Mass. 442.  *McGillicuddy* v. *Devlin*, 279 Mass. 194.  There are cases where expressions are found to the effect that summary process cannot be used to take the place of a writ of entry to try title.  These expressions mean only that, if facts do not fall within the narrow classes of cases for which summary process may be used, there must be resort to the writ of entry.  Summary process cannot be extended to try title in cases outside its terms.  *Warren* v. *James*, 130 Mass. 540.  *Harris* v. *Carmody*, 131 Mass. 51.  *Walker* v. *Thayer*, 113 Mass. 36, 39.  *Covell* v. *Matthews*, 245

Mass. 135. *Dayton* v. *Brannelly*, 255 Mass. 551. There is no inconsistency between these decisions and the principle declared in cases like *New England Mutual Life Ins. Co.* v. *Wing*, 191 Mass. 192, 195, where it was expressly held that in "an action under summary process by the purchaser at a mortgagee's sale the legal title may be put in issue . . . ." It follows that the title was in issue in the proceeding in summary process in *Barry* v. *Dudley*, 282 Mass. 258. The tenant in the present proceeding asserts title in opposition to the validity of the foreclosure on which the demandant bases its right. That question has been settled against the tenant and in favor of the predecessor in title of the demandant.

The judge of the Land Court rightly held that this matter had become *res judicata* as to the issue raised in the case at bar and was not here open to controversy. The facts render that principle applicable to the present proceeding in favor of the demandant. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 567. *Giedrewicz* v. *Donovan*, 277 Mass. 563. *Sandler* v. *Silk*, 292 Mass. 493, 498–500. *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 389. *Foye* v. *Patch*, 132 Mass. 105, 110. The same principle is applicable to the decision in the equity suit described in the opinion on the motion to dismiss. The title to the demanded premises was there in issue between the same parties or those in privity with those to the present proceeding. The judge of the Land Court correctly interpreted the law of *res judicata* in its application to the facts before him. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 211, 218.

The failure of the judge of the Land Court to make a finding touching improvements claimed to have been made by the tenant was the equivalent of a finding that no improvements were made. Since the evidence is not reported, this decision must be accepted as final. *Vye* v. *Medford*, 266 Mass. 208, 213. *Bacon* v. *Kenneson*, 290 Mass. 14, 15.

All questions argued by the tenant have been considered. Other matters need not be discussed. There appears to be no error.

*Order of judgment for the demandant affirmed.*