M. PETER ANDERSON *vs.* MICHAEL R. CONNOLLY, trustee.

Middlesex.    May 13, 1941. — September 10, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Summary Process for Possession of Land. Equity Pleading and Practice,* Counterclaim; Master: exceptions to report, recommittal. *Mortgage,* Of real estate: foreclosure, mortgagor's claim for improvements. *Writ of Entry.*

A real estate trustee, whose agent purchased property at a sale in foreclosure of a mortgage, was entitled as trustee to maintain an action of summary process against the mortgagor after the agent, more than eight years following the sale, had conveyed the property to him and two others as trustees of that trust.

In a certain suit in equity by an alleged landowner to enjoin interference with the plaintiff's possession, it was proper under Rule 32 of the Superior Court (1932) to allow the filing of a counterclaim based on alleged facts substantially contrary to those alleged in the bill and seeking to have the plaintiff ordered to deliver possession of the premises to the defendant as owner thereof and to refrain from interfering with the defendant's possession thereafter.

An exception to the report of a master grounded on his failure to find a particular fact must be overruled.

An exception to the report of a master will be sustained only for error appearing on the face of the report.

No error appeared in the denial of a motion, not accompanied by the affidavit required by Rule 46 of the Superior Court (1932), to recommit to a master for additional findings.

A former landowner, who permissively remained in possession for about eight years after a valid foreclosure of a mortgage and then resisted the claims to title and right of possession of a grantee from the purchaser at the foreclosure sale on the alleged ground that the foreclosure was invalid, would have no right to compensation for improvements under G. L. (Ter. Ed ) c. 237, §§ 16, 17.

BILL IN EQUITY, filed in the Superior Court on August 30, 1940.

The plaintiff appealed from decrees entered by order of *Forte,* J., and also alleged exceptions to the allowance by *Swift,* J., of the defendant's motion for leave to file the substitute answer.

C. W. *Spencer,* for the plaintiff.

R. L. *Sisk,* for the defendant.

RONAN, J.  The plaintiff, the owner of a certain parcel of land in Woburn, gave a mortgage of said land to the Malden Co-operative Bank on September 18, 1925, and a second mortgage to the defendant Connolly as trustee of Essex Realty Trust on April 12, 1929.  He alleges in his bill of complaint that he has title to and is in possession of the said parcel; that the foreclosure sale under this first mortgage was held on March 25, 1931, fifteen minutes before the hour fixed in the published notices of the sale, and that therefore the purported sale was void; that one Broyderick was the purchaser at said foreclosure sale; that the defendant Connolly as trustee aforesaid claims to have acquired title to the property by virtue of a deed to him from said Broyderick on September 20, 1939; that two actions of summary process have been brought against him to recover possession of the land and have resulted in judgments in his favor; and that the defendant has brought a third action of summary process, which is still pending.  The bill further alleges that the defendant entered into an agreement with him on April 2, 1931, that, if the plaintiff would not bring an action against the defendant upon a claim of a conspiracy upon the part of the defendant and others to deprive the plaintiff of his property by unlawful means and would pay the defendant certain checks amounting to $100 and would agree to pay the balance due upon the second mortgage note, the defendant would see that no claim arising out of the foreclosure of the first mortgage would be brought against the plaintiff and would see to it that the plaintiff remained in peaceful possession of the property; that the plaintiff performed the terms of the agreement; and "that he has paid said second mortgage debt in full."  The bill sought an injunction to restrain the defendant from interfering with the use and possession of the premises by the plaintiff, from prosecuting any summary process to recover possession of the premises and for a decree adjudicating the invalidity of the deed to Broyderick as purchaser at the foreclosure sale of the first mortgage and the subsequent deed from her to the defendant.  The defendant was permitted, subject to the plaintiff's exceptions, to file a substitute answer which, among other

things, set up the legality of the foreclosure proceedings under the first mortgage and the loss thereby of the plaintiff's title to the premises. It also contained a counterclaim for the use and occupation of the premises since March 25, 1931, the date of the foreclosure sale, and for the payment of the amount due upon the second mortgage note, and sought an order requiring the plaintiff to deliver up the premises to the defendant and thereafter not to interfere with the defendant's possession.

In reference to the plaintiff's first contention that the foreclosure sale was invalid, a master to whom the suit was referred found that the foreclosure sale under the first mortgage was lawfully held on March 25, 1931, at the time fixed in the published notices of sale; that Lavina L. Broyderick, the defendant's bookkeeper and acting as his agent, bought the property for the sum of $5,076.95, which was furnished by the defendant, and that she was the grantee in the foreclosure deed, which was properly recorded. The master also found that the first mortgagee, on March 25, 1931, made an open, peaceable and unopposed entry upon the mortgaged premises for the purpose of foreclosing the mortgage, and that a certificate of such entry was recorded on March 26, 1931. He found that Broyderick became the owner of the premises by virtue of the foreclosure sale; that on September 26, 1939, she conveyed the premises to the defendant, Michael R. Connolly, John W. Connolly and Michael R. Connolly, second, trustees of the Essex Realty Trust, and that they are now the owners of the premises.

The plaintiff's second contention, that on account of an agreement made with the defendant on April 2, 1931, the plaintiff was to continue in possession, is disposed of by the finding of the master that the defendant did not agree to leave the plaintiff in peaceful possession of the premises on the conditions stated in the bill of complaint.

Broyderick, on July 7, 1939, gave a written lease of said premises to one Mullett for the term of one year. Mullett brought a summary process against the plaintiff, which resulted in a judgment for the latter. There is now pending a similar proceeding brought by the defendant against

the plaintiff. The defendant also gave a lease to one Fleishman who notified the plaintiff on November 17, 1939, that he held a lease for one year from the date of the notice. The master found that there was no relation of landlord and tenant between the plaintiff and the defendant and that the former was not liable for rent for any period subsequent to the foreclosure of the first mortgage. He also found the amount owed by the plaintiff to the defendant upon the promissory note which had been given with the second mortgage.

The plaintiff filed objections to the master's report on the ground that the master failed to find that the plaintiff had conducted a greenhouse business and had made substantial improvements to the property during the last ten years. He also filed a motion to recommit based upon the same ground. The plaintiff appealed from the interlocutory decree overruling his exceptions to the master's report and confirming the report and from the denial of his motion to recommit. He also appealed from a final decree dismissing the bill, ordering the plaintiff to deliver up the premises to the defendant and ordering him to pay the amount due on the second mortgage note, together with costs.

The plaintiff contends that, upon the finding of the master that no landlord and tenant relationship existed between the plaintiff and Broyderick or the defendant, he was entitled to an injunction enjoining the defendant from prosecuting any summary process proceedings against him. If we assume in favor of the plaintiff that such a contention is open to one who has neither title nor the right to continue in possession and that relief in equity for the recovery of possession of real estate is no more extensive than could be granted under summary process proceedings taken under G. L. (Ter. Ed.) c. 239, yet the estate of the plaintiff had been terminated by the foreclosure of the first mortgage and the defendant did not obtain in this respect anything to which he was not entitled in proceedings under G. L. (Ter. Ed.) c. 239. A purchaser at a foreclosure sale of mortgaged real estate may maintain proceedings under this chapter to recover possession of the premises even though

the relation of landlord and tenant does not exist between the purchaser and the occupant. *Lowe* v. *Moore*, 134 Mass. 259. *Swain* v. *Sogliero*, 267 Mass. 236. *McGillicuddy* v. *Devlin*, 279 Mass. 194. *Barry* v. *Dudley*, 282 Mass. 258. Broyderick was acting for the defendant and, if the purchaser is acting as agent for another, the latter is regarded as the actual purchaser and has also the right to bring such proceedings. There was no error in refusing to restrain the defendant from bringing or prosecuting a summary process proceeding to recover possession of the premises. *North Brookfield Savings Bank* v. *Flanders*, 161 Mass. 335. *Allen* v. *Chapman*, 168 Mass. 442. *New England Mutual Life Ins. Co.* v. *Wing*, 191 Mass. 192.

The plaintiff excepted to the action of the court in permitting the defendant to file an answer containing a counterclaim. The counterclaim was filed under Rule 32 of the Superior Court (1932), which authorizes a defendant in a suit in equity to set up in the answer any counterclaim of a legal nature against one or more of the parties arising out of the transaction which is the subject matter of the bill. The plaintiff alleged that he had title to the premises; that the foreclosure of the first mortgage was invalid; that he was entitled to remain in possession of the premises in pursuance of an agreement with the defendant; and that he had paid the mortgage note of the defendant. The counterclaim, which rested upon the fact that title was in the defendant, that the plaintiff was not entitled to possession and that the defendant's mortgage note was not paid, sought possession of the premises and payment of the mortgage. It did not go outside the scope of the bill or touch any subject matter that was not included in the bill. It was entirely based upon the same transaction as that set forth in the bill. It was an appropriate means by which the defendant could obtain affirmative relief upon showing that his version of the transaction and not that of the plaintiff was the correct one. There was no error in allowing the defendant to file the counterclaim, and the plaintiff's exceptions thereto must be overruled. *Stuart* v. *Sargent*, 283 Mass. 536, 540. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 607–

609.   *Colella* v. *Essex County Acceptance Corp.* 288 Mass. 221.   *Gulesian* v. *Newton Trust Co.* 302 Mass. 369.   *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 85.   *Beaman-Marvell Co.* v. *Marvell,* 305 Mass. 246.   *Jackman* v. *Calvert-Distillers Corp. of Massachusetts,* 306 Mass. 423.

The only objection urged by the plaintiff to the master's report is that it contained no findings in reference to improvements which the plaintiff alleged he had made upon the premises.   The exceptions to the report were based upon this ground and were properly overruled.   Exceptions to a report are not the appropriate means to secure additional findings of fact by a master and an exception is to be sustained not upon the assertion of counsel but only where error is shown by the report itself.   *Goodman* v. *Goldman,* 265 Mass. 85, 88.   *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 483.   *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 155.   *Russo* v. *Thompson,* 294 Mass. 44, 47.   *Morin* v. *Clark,* 296 Mass. 479, 484.   *Wadsworth* v. *Richenburg,* 303 Mass. 548, 550.

The motion to recommit was filed for the purpose of securing such additional findings.   The reason for absence of such findings is not shown by the report.   The evidence is unreported.   It is not shown whether there was any evidence dealing with this matter or, if there was, that the failure of the master to make findings was equivalent to finding that no improvements had been made by the plaintiff.   *Sheehan Construction Co.* v. *Dudley,* 299 Mass. 51.   The motion was not accompanied by an affidavit setting forth any facts.   Rule 46 of the Superior Court (1932).   There is, therefore, nothing to show that evidence before the master was such as to warrant, much less require, such additional findings.   *Wilbur* v. *Newton,* 302 Mass. 38.   *Banks* v. *Everett National Bank,* 305 Mass. 178.   The action of the judge in denying the motion to recommit was free from error.   *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102.   *Epstein* v. *Epstein,* 287 Mass. 248.   *Pearson* v. *Mulloney,* 289 Mass. 508.   *Israel* v. *Sommer,* 292 Mass. 113, 119.

We do not intimate, if the point were open, that there was error in disregarding any claim for improvements.   The

plaintiff contends that he is entitled to compensation for such improvements in accordance with G. L. (Ter. Ed). c. 237, §§ 16, 17. The master's report shows that the plaintiff's possession of the premises was permissive after the foreclosure of the first mortgage and until the summer of 1939, when the defendant began proceedings to secure possession, and that the plaintiff did not hold adversely to the defendant until after that date. The plaintiff was deprived of his title by the foreclosure of the first mortgage. If he thought the foreclosure was good, he had no reason to believe that he still retained the title to the property. If, however, he thought this foreclosure was invalid, then he could not under these statutes have any claim for improvements against the mortgagee. *Hunt* v. *Hunt*, 14 Pick. 374, 385. *Childs* v. *Dolan*, 5 Allen, 319. *Haven* v. *Adams*, 8 Allen, 363, 368. *Haven* v. *Boston & Worcester Railroad*, 8 Allen, 369. The master found that the plaintiff made no agreement, as alleged in the bill, with the defendant by which the plaintiff was to continue in peaceful possession of the premises. Under these circumstances the plaintiff after the foreclosure had no reason to believe that he still had any title to the premises. The plaintiff is not entitled under the statutes to compensation for any improvements. G. L. (Ter. Ed.) c. 237, §§ 16, 17. *Mason* v. *Richards*, 15 Pick. 141. *Baggot* v. *Fleming*, 10 Cush. 451. *Plimpton* v. *Plimpton*, 12 Cush. 458. *Wales* v. *Coffin*, 100 Mass. 177, 180. *O'Brien* v. *Joyce*, 117 Mass. 360. *Daggett* v. *Tracy*, 128 Mass. 167. *Sunter* v. *Sunter*, 190 Mass. 449, 457. *Paine* v. *Gobin*, 288 Mass. 201. *Noyes* v. *Ambler*, 296 Mass. 524.

The master found that the defendant was not guilty of laches. If the plaintiff desired to test the correctness of this finding he should have filed a motion to recommit. *Epstein* v. *Epstein*, 287 Mass. 248. *Pearson* v. *Mulloney*, 289 Mass. 508. His contention, which rests upon the report itself, cannot be sustained as the report does not demonstrate any error in this respect. *Safford* v. *Lowell*, 255 Mass. 220. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431. *Rosman* v. *Rosman*, 302 Mass. 158. *Fortier* v. *H. P. Hood & Sons, Inc.* 307 Mass. 292.

Lavina Broyderick conveyed the premises on September 26, 1939, to Michael R. Connolly, John W. Connolly and Michael R. Connolly, second, trustees of the Essex Realty Trust. They now own these premises. The question of title appears to have been fully tried. The final decree must be affirmed except as to the second paragraph wherein the plaintiff was ordered to deliver possession to the present defendant. Upon the allowance of a motion by the Superior Court within thirty days of the date of the rescript, adding as defendants John W. Connolly and Michael R. Connolly, second, trustees of the Essex Realty Trust, a final decree is to be entered ordering the plaintiff to deliver possession to these three trustees; otherwise the final decree must be modified by striking out the second paragraph. *Westfield Savings Bank* v. *Leahey,* 291 Mass. 473, 476. *Royal Indemnity Co.* v. *Perry,* 296 Mass. 149. *Farinha* v. *Commissioner of Banks,* 303 Mass. 192, 195. *Seder* v. *Kozlowski,* 304 Mass. 367, 370. *New England Foundation Co. Inc.* v. *Elliott & Watrous, Inc.* 306 Mass. 177, 181. In either event the amount due with interest will be brought down to the date of the final decree. Costs are to be taxed against the plaintiff. *Day* v. *Mills,* 213 Mass. 585. *Carilli* v. *Hersey,* 303 Mass. 82. *Dow* v. *Brookline Trust Co.* 308 Mass. 90.

*Ordered accordingly.*