COMMONWEALTH vs. ADVANTAGE BANK.

Essex. February 7, 1990. - March 8, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Lead Poisoning Prevention. Statute*, Construction. *Bank. Mortgage*, Real estate, Foreclosure. *Words*, "Owner."

A bank that received a rent assignment providing that, in the event of default by a certain mortgagor, the bank, as her agent, had the right to receive rents and to apply them to reduce her mortgage loan was not in "actual physical possession" of the mortgaged property merely because it had appointed an agent to collect rents, not as an incident of the bank's intent to foreclose but in the exercise of its rights under the rent assignment, and therefore, the bank was not an "owner" for purposes of imposing criminal sanctions under G. L. c. 111, § 197, the lead paint statute. [887]

COMPLAINT received and sworn to in the Lynn Division of the District Court Department on June 13, 1989.

A motion to dismiss was heard by *Brian R. Merrick*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Bruce T. Eisenhut*, Special Assistant Attorney General (*Priscilla Fox* with him) for the Commonwealth.

*James A. Antonucci* (*Steven S. Broadley* with him) for the defendant.

NOLAN, J. The defendant bank responded to a criminal complaint charging it with a violation of the lead paint statute by filing a motion to dismiss. A judge in the District Court allowed the motion and the Commonwealth appealed. We granted the bank's application for direct appellate review. We affirm.

The judge quite correctly followed a procedure suggested in *Commonwealth* v. *Brandano*, 359 Mass. 332, 337 (1971).

The judge's findings, rulings, and order, from which we learn the following are based on a document entitled "Stipulated Facts" and on affidavits submitted by the parties.. To purchase the multiple-family dwelling which is the subject matter of this case, Janet M. Maguire in 1987, as trustee of a realty trust, gave a first mortgage to the Winthrop Savings Bank, which is now known as Advantage Bank (bank), the defendant herein. Maguire also gave the bank an assignment of rents at the time of receiving the mortgage loan. The rent assignment provided that, in the event of default of the mortgage condition by Maguire, the bank, as her agent, had the right to receive the rents and to apply them to reduction of the mortgage loan.

In October, 1988, an inspector with the Department of Public Health (department) inspected the property and served on Maguire orders to correct lead paint violations pursuant to G. L. c. 111, § 197 (1988 ed.). At this time, Maguire was in default in payments to the bank. In January, 1989, the bank gave Maguire the statutory notice of its intent to foreclose. After filing a complaint for authority to foreclose the mortgage by entry and by exercise of its power of sale, the bank satisfied the requirement of the Soldiers and Sailors Civil Relief Act of 1940 by publishing the required notice in April, 1989. The Land Court has not issued a judgment on the bank's complaint to that court and the bank has not made a formal entry on the premises under the mortgage. The bank has taken no further action to foreclose the mortgage.

The bank, in February, 1989, under the assignment of rents, appointed an agent to collect the rents. In March, 1989, the bank, acting under the authority of the assignment of rents, paid a sum to the Lynn water and sewer commission to prevent a water shut-off and ordered oil for the heating system. That same month, the department served an order on the bank to correct lead paint violations. These violations were not corrected and a complaint under G. L. c. 111, § 197, was brought against the bank. A separate complaint was brought against Maguire.

The Commonwealth argues that the bank comes within the statute which makes a bank as mortgagee criminally responsible for violation of the lead paint law "where such mortgagee takes *actual physical possession* pursuant to applicable law," and thus "shall be considered an owner for purposes of" the lead paint law (emphasis supplied). G. L. c. 111, § 197 (*b*). We do not agree.

Criminal statutes must be construed strictly against the Commonwealth. *Commonwealth v. Gagnon,* 387 Mass. 567, 569 (1982), cert. denied, 461 U.S. 921 (1983). The only indication that the bank is in actual physical possession is the collection of rents. The paying of a water bill and the ordering of oil are acts which are ambiguous at best, on the question of actual physical possession. As to the collection of rents, it should be noted that the agent was appointed and the rents have been collected, not as an incident of the foreclosure but in the exercise of the bank's rights under the assignment of rents. See *Joyner v. Lenox Sav. Bank,* 322 Mass. 46, 54-55 (1947). Nothing has been done to consummate the foreclosure. The commencement of foreclosure without more does not give the bank a right to possession. See *Barry v. Dudley,* 282 Mass. 258, 259 (1933). See also *Dayton v. Brannelly,* 255 Mass. 551, 552 (1926).

Accordingly, the bank is not in actual physical possession and hence, is not an "owner" for purposes of imposing criminal sanctions under the lead paint statute. The motion to dismiss was correctly allowed.

*So ordered.*