Hinkle, J.
Plaintiffs commenced suit against defendants alleging injuries as a result of exposure to lead paint. Defendant Pioneer Bank moves under Mass.R.Civ.P. 56 for partial summary judgment as to plaintiffs’ count for violation of G.L.c. Ill, §190 et. seq., the Massachusetts Lead Paint Statute. Plaintiffs also move for partial summary judgment with respect to this count.
Pioneer Bank, primarily relying on Commonwealth v. Advantage Bank, 406 Mass. 885 (1990), alleges that a mortgagee collecting rents under an assignment of rents clause is not an “owner” for purposes of liability under the lead paint statute. A mortgagee is considered an owner for purposes of the lead paint statute when it takes actual possession of the property. (Emphasis added.) G.L.c. 111, §197(b) (1990); Advantage Bank, supra at 887.
Several factors in this case, however distinguish it from Advantage Bank. Notably, (1) Pioneer Bank made an open, peaceable and unopposed entry onto the premises and filed a certificate of mortgagee in possession with the Suffolk Registry of Deeds; (2) Pioneer Bank informed the Revere Housing Authority, by letter, of its intention to take possession of the premises; (3) the workout agreement between the co-defendants referred to Pioneer Bank taking possession of the premises on November 22, 1991 and allowing the mortgagors to re-take possession; (4) Pioneer Bank informed the Revere Housing Authority, by letter, that it had returned possession of the property to the mortgagors; (5) Pioneer Bank’s counsel informed plaintiffs’ counsel, by letter, that the bank had allowed the mortgagors to re-take possession; (6) Pioneer Bank collected rent for a period of time; (7) Pioneer Bank performed repairs to the premises and paid utility bills; (8) Pioneer Bank provided insurance on the property; and (9) co-defendants Rosemary Burns and Jerry Godfrey state that Pioneer Bank banned them from entering the property during the period when Pioneer Bank collected rents under the assignment of *388 rents clause. Further, the collection of rent after entry upon the premises and recording the certificate of mortgagee in possession is prima facie evidence that a mortgagee is in possession of the premises. Joyner v. Lenox Savings Bank, 322 Mass. 46, 55 (1947).
Accordingly, an issue of material fact exists as to whether Pioneer Bank was in possession of the premises. The Court therefore DENIES both motions for partial summary judgment.